Your Honor, this case is about Mr. Dixon's past unfairly catching up with him when his prior convictions for robbery and assault should not have qualified him for a 15-year mandatory minimum under the Armed Career Criminal Act, and I've essentially organized my arguments by conviction, the first being the 1980s robberies. Well, you've got two California convictions, and if even one of those is not a violent felony within the meaning of the ACCA, you've got it from under it, correct? Correct, Your Honor. So the issue really is whether or not the California robbery convictions are violent felonies. Whether it qualifies, correct, Your Honor. And also with the backdrop being that these convictions are from 25 to almost 30 years prior to the instant offense, which, you know, although there's no direct case on it, it is interesting when they weren't counted as part of Mr. Dixon's criminal history under the guideline for A1.2, yet there's still a qualifier under the ACCA. And, you know, that makes sense to not count it as well under the ACCA when we're really concerned about recidivists, habitual criminals, career criminals, and convictions from 20… But whatever the issue is, we have to follow whatever the rules are, so let's find out what they are, okay? Sorry, Your Honor, I'll move on to the next topic. Under the robbery convictions, we did not have enough information to review it for ACCA purposes because Section 211 is broader than generic robbery. It's demonstrated by committing a robbery through more than one alternative, including an injury to property and not just the person. The statute of conviction, therefore, sweeps more broadly than the generic offense. And there's a suggestion that the analysis should stop there under Besserill with a fallback of extortion. If it's not robbery, then we can look to extortion, one of the enumerated offenses. Although query whether Besserill, if it were decided after the recent United States Supreme Court case of Johnson, it is similar to a residual clause analysis, where you're looking to basically a similar analogous enumerated offense of extortion and trying to fit robbery into it. And extortion essentially is in the non-physical force part of 924E, right? The first part being the elements, physical force clause, and then second being extortion. So it appears to be an attempt to try to put robbery into the non-physical force side of 924E. As recently also noted in the Johnson case, there's an indeterminate standard and they used an extortion example where you could extort from a victim in person to the use of force or not in person through, for example, the use of mailings. So there's a wide range of things that could even qualify under extortion. And Besserill admits that Section 211 is broader because it encompasses mere threats to property. So I would suggest that the modified categorical approach should be used in this circumstance. We don't have a limited set of documents that were reviewed in this case to review the basis for the conviction. For example, the indictment, the plea agreement. Mr. Owens, are you conceding that this is a divisible statute, 211P-PC? Your Honor, I do not think it's a discamps statute where it is something that we can — we only have to look at the statute. I believe it is something that it should be reviewed under the modified categorical approach because there is language, you know, person or property, the keyword being or, that there's different ways that the crime could be committed. Well, whether or not doesn't matter here, does it? It would matter if there were — if there was a modified categorical argument, but there isn't one, is there? Well, Your Honor, essentially I'm making it that — No, what I'm wondering is whether the government has argued that if it's not a categorical match, that they could still prevail under the modified categorical approach. Have they done that?  I believe — the argument — It's not really critical, but okay. I'm sorry. The argument essentially on the government's side is that we stop at Bessarol, that there's the fallback of extortion. So the question is, so they're not arguing that if it's not categorical, it would be — well, we'll find out, but that it would — you would then go to the modified categorical because I don't think the documents are in the record, are they? Right. That's the issue, Your Honor. There is a one-page abstract of judgment that was provided to the court, and that is the entirety of what was reviewed. So the answer would be even if it is divisible, there's nothing here to do with the modified categorical? Correct. Correct. Correct me if I'm wrong. Haven't we held that 211 is a — categorically a crime of violence for purposes of sentencing? Pardon me. I withdraw my question. Go ahead. Okay. So the single-page abstract that was provided, it does not determine which alternative element Mr. Dixon fell under, whether he was unequivocally committed the generic offense, right? It does — the single-page abstract does not provide us with that information. And the great case example is Sandoval, where the district court cannot rely on that abstract for purposes of Taylor. It is insufficient information for that purpose. And I just want to turn to the — This one is insufficient information. Right? In other words, sometimes the abstract only talks about one part of the statute, but here it doesn't do that. Right? It doesn't divide it up. Correct, Your Honor. So that's the issue. And I wanted to turn to the 2001 conviction, unless hearing no objection. The 2001 assault with a deadly weapon conviction in Nevada. This is also not an enumerated violent felony, categorically not a crime of violence. I would assert that. An assault by its very definition as compared to battery doesn't require any physical contact, and that's important. Also, it turns partly on intent. Intent — the word intent was not in the pre-2001 version of NRS Nevada Provided Statute 20471. The word attempt is used instead, which necessarily equals a failure to consummate its commission. Also, an analysis that there must be physical force, the word physical being important. Bodily injury, other case examples in the generic definitions have this. Even if the words violent force are used, it must be force capable of a physical pain or injury. That's missing from the statute. Is there any conviction of assault with a deadly weapon? Correct, Your Honor. So there is case law out there that talks about the fact that there's a gun that could maybe get you there. But the case example is Camacho Cruz v. Holder, a 2010 case I can provide you, which deals with the post — the new version of the statute. The older version does not have the key words, which is bodily injury, where the Camacho Cruz case does talk about immediate bodily harm. And I have about two minutes remaining, Your Honor. If you want to save that, that's fine.  May it please the Court, William Reed for the United States. The defendant's prior California Penal Code 211 robbery convictions are categorically violent felonies under the Armed Career Criminal Act. Keep your voice up, please. Yes, Your Honor. The defendant's — Dixon's prior California Penal Code 211 robbery convictions are violent felonies under the Armed Career Criminal Act because it either involves, as this Court has found in Becerra-Lopez, a forceful robbery, or if it's not a forceful robbery, it involves extortion, which is one of the enumerated crimes, violent felonies under the Armed Career Criminal Act. The district court correctly found that these robberies, which were set forth in the abstract of judgments, were violent felonies. This Court has previously held that abstracts — Are you acquainted, counsel, with the case of Peeble v. Anderson? I am. It's a California Supreme Court case where a man steals an automobile, and as he's leaving the parking lot, he hits the owner. Yes, Your Honor. He's already stolen the automobile. Hitting the owner is done by negligence, not by any intentional violent force. And as prosecutor in the PC-211, doesn't that mean that PC-211 is broader in California than it is in the federal generic? Your Honor, the — Because the force involved is not intentional and is not directed against the owner of the vehicle but is negligently applied? Thank you, Your Honor. As I understood, Anderson — Your Honor is correct. There was a striking of the victim with an automobile. As I understood the issue, it was framed in context of the defendant's intention as to the force, not precisely as to his intention as to the victim. So as I understood — What do you mean, intention as to the victim? Whether he intended to use force against the victim, per se, as opposed to whether or not the defendant intended to use force in the taking. Well, he drove out of the parking spot and attempted to leave the garage but could not because the gate was closed, and he did not have a way to open it. After the gate opened, he sped out of the garage, running over the car's owner in the process. The mental element of the use of force in that case was negligence. It wasn't intentional. He didn't single out the owner. He already had the car. He didn't need the owner's fear to get the car. So it seems to me that based on the prosecutions which occur in California, this is a broader statute than the generic. Your Honor, I'm not — Anderson wasn't raised in the briefs. I'll be happy to follow up in a letter brief to address that more fully if the court requests. But I've understood it to mean that the intention, whether or not it was focused on the victim, the intention to use force was focused on the victim or whether there was just an intention to use force in the commission of the crime. But I'll be happy to follow up in a letter brief if there's some additional question. Well, don't trouble yourself with an additional brief unless we specifically ask for it. Yes, Your Honor. Yes, I just wanted to offer that. Am I correct that you are not relying on any categorical approach, a modified categorical approach? Yes, Your Honor. With respect to the two California robberies, the only documents that were made part of the record were the abstracts of judgment. I don't say. I mean, even if it is divisible, they don't attempt to specify. That's correct, Your Honor. But there's no other documents, and we're not attempting to argue the modified categorical. All right. Yes, Your Honor. That's correct. With respect to the. . . Let me ask you a different question. Yes, Your Honor. Although this may not be. . . well, I'll say it this way. It may not be essential to the result we might reach. Do you view this as a divisible or an indivisible statute? That is to say, is this statute even susceptible to a modified categorical? Your Honor, I believe the elements are divisible under Becerra-Lopez case, which was decided prior to the Discamps case. I don't believe that. . . I don't believe the language divisible was used, but the court found that a 211 robbery could be. . . Are you familiar with our decision in Rendon? Rendell? Rendon. Your Honor, I apologize. I'm not familiar with that one. Okay. I'm pressing you too far on an issue that. . . But even so, the extortion, robbery is not in the ACA list as such, right? Correct, Your Honor. All right. So the question of whether robbery is divisible, you would have to reach robbery, what, through the use of force provision? Yes, Your Honor. The enumerated clause of the Armed Career Criminal Act, it would involve the use, attempted use or threatened use of force, which that's how, if it's not otherwise extortion, which is one of the enumerated crimes. So either way, whether robbery is. . . But the extortion one itself wouldn't be divisible as to some parts of extortion might fit and some might, but that's not divisible because it's only one crime. Yes, Your Honor. I concur. And is the use of force provision affected by the Johnson case in the Supreme Court, the recent opinion about vagueness? I'm familiar with the opinion. I don't believe that it affects the elements clause, as I understand, Johnson, Your Honor, which we initially had made but have now withdrawn by a 28J letter, a residual clause argument, Your Honor, would be my response. You would say the robbery comes with the elements clause. Yes, Your Honor. Except that there may be California robberies that don't actually have intentional use of force. That's your problem. I don't want to concede that. I would like to ask permission if that's an issue to follow up in a letter brief with the Court's permission. Doesn't California robbery include threats to property, not only to persons? Yes, Your Honor, it does. And that is the extortion aspect of the California robbery where this Court, in Becerra-Lopez, found that that's the problem with a generic robbery under the illegal reentry guideline. But nevertheless, the threats to property constitute generic extortion, which is an enumerated crime under the illegal reentry guideline and also an enumerated crime under the Armed Career Criminal Act. So a forceful robbery, just to summarize the government's position, is a forceful robbery, generic robbery would be a violent felony under the Armed Career Criminal Act. And if it's not a forceful robbery, it's extortion, an enumerated crime, and also would qualify as a violent felony. I'll move on to the other conviction. The Armed Career Criminal Act requires three prior convictions for the enhancement to apply. So the Nevada assault with a deadly weapon conviction is also a necessary conviction as part of the equation of the Armed Career Criminal Act applying in this case. And in this case, the Court has previously held in United States v. Grajeda that assault with a deadly weapon under California law is a crime of violence under the illegal reentry guideline. And it found that even those assaults, and I might add that the California assault statute tracks, identically tracks the language of the Nevada assault statute, that is an attempt coupled with the present ability to commit a violent injury on the person of another. The problem in Grajeda was that the violent injury can be the least touching, a least touching I believe is the terminology, but the Court nevertheless found that the enhancement provision using a deadly weapon qualified an assault as a crime of violence because it involved a violent, was violent in nature and demonstrated a minimum of threat and use of force. Similarly, the Nevada assault with a deadly weapon, that would apply similarly to the identical statute where a deadly weapon in Nevada is used. The defendant in citing the, tries to distinguish the Grajeda case by quoting the language of the enhancement statute, which is what Grajeda turned on in 245A, and he contends that that required an assault that involved force likely to produce great bodily injury, but that's not required under the enhancement provision. Just the use of a deadly weapon or an instrument, and I'll see my time's up and I'll submit it. Thank you very much. Thank you. Mr. Dixon, you've saved some time. Or rather, I'm sorry, Ms. Dowles, you've saved some time. I will be brief, I promise. And briefly, to Judge B's comment about People v. Anderson. Bea. Sorry? Judge Bea. I'm sorry, Bea. All right. I've started off on the wrong foot. Called a lot of things. Mendrea can matter to Judge Bea's quoting of People v. Anderson. For example, U.S. v. Esparza Herrera, the Arizona statute for aggravated assault requires more than recklessness. To equal a crime of violence. So Mendrea can definitely matter in this context. And I just wanted to briefly touch on the fact that the 2001 conviction came about by an Alford plea. Admittedly, this is an analysis undertaken when it is a modified categorical approach, and I don't know if I have a strong standing for modified categorical approach today, but it ought to be considered, especially when we're talking about a qualifying offense for a 15-year mandatory minimum, when a person has not admitted to the facts in the case, and the prosecution is putting in the facts to the case. And that's important. There's an Alston case out of the Fourth Circuit. The government basically asserted the facts at the plea hearing and at the sentencing, and they weren't necessarily admitted by the defendant, which equals a Sixth Amendment issue, that they weren't tried in front of a jury. And it was the government's assertion of the facts and not the defendant's admission. And also in the Vidal case, the charging documents are not enough to be able to review this under an Alford plea. And there's no argument here about modified categorical, so let's forget it, okay? Okay, you're on to one last topic then. The procedural errors during sentencing, the actual statutes of conviction were not provided to the court, and that in itself is plain error, and it should be remanded on that basis alone. The 2001 version of assault was used instead of the pre-2001 version, which Mr. Dixon's offense qualifies under instead of the version that was provided, just for one example. And my time is up. Your time is up. Thank you very much. Thank you, Your Honor. United States v. Dixon now submitted for decision.
judges: Fletcher, Berzon, Bea